FARLEY, Judge,
concurring:
A panel of this Court fully considered this matter and rendered a decision. I was not on that panel; I was assigned to this panel upon the retirement of Judge Holdaway and only when a full panel was required to rule on the appellant’s motion pursuant Rule 35 of this Court’s Rules of Practice and Procedure for reconsideration of that original decision.
The appellant’s motion for reconsideration presents us with vehement and articulate disagreement with the decision of the original panel majority, but there is nothing new, no intervening event, no change in law. The essence of the appellant’s motion is simply that the original decision was wrong in at least twelve specified respects but the appellant has not identified any “points of law or fact” that the original panel “overlooked or misunderstood.” U.S. Vet.App. R. 35(e)(1). In fact, when the majority and dissenting opinions are read together, they demonstrate that all of the points the appellant identifies in his motion for reconsideration were expressly considered by the panel; some were rejected by the majority, some were embraced by the dissent — but clearly all were considered and understood.
Accordingly, I voted to deny the appellant’s motion for reconsideration. Having done so, I also want to emphasize that, irrespective of what I might have decided had I been on the original panel, I believe that there would be something quite untoward in a panel decision being reconsidered on account of the serendipitous substitution of a new judge for a member of the original panel. A change in circumstances, fact, or law, not a merely change in judge, should be required for this Court to reconsider and perhaps overturn a panel decision under Rule 35.